873 So.2d 1266 (2004)
Thomas Francis JONES, Appellant,
v.
DEPARTMENT OF BUSINESS AND PROFESSIONAL, etc., Appellee.
No. 5D03-2534.
District Court of Appeal of Florida, Fifth District.
May 28, 2004.
*1267 Steven W. Johnson, Orlando, for Appellant.
James Harwood, Orlando, for Appellee.
SHARP, W., J.
Jones appeals from a final order of the Florida Real Estate Commission, which revoked his real estate license after finding he was guilty of "failure to account of [sic] delivery to any person, including a licensee under this chapter at the time which had been agreed upon or is required by law," in violation of section 475.25(1)(d)(1) and "dishonest dealing by trick, scheme or device," in violation of section 475.25(1)(b). Because we find insufficient evidence to support the Commission's findings that Jones was guilty of dishonest dealing by trick, scheme or device, we set aside the order with respect to section 475.25(1)(b), affirm as to its findings on section 475.25(1)(d)(1) and remand for reconsideration of the penalty imposed on Jones permanent revocation of his real estate license.
This cause grew out of a dispute between Premier Place, Inc. (for whom Jones was the qualifying broker) and The Landings Realty, Inc. (for whom James E. Corace was the broker/owner) about which entity should receive a real estate commission of $15,120.00. A sales person for The Landings, Joycelyne Smithers, procured the contract between buyer and seller three days before she resigned to work for Premier. The closing agent disbursed the commission to Premier and The Landings demanded arbitration. Premier dissolved and went out of business, and the dispute continued against Jones, individually.
The arbitration determined The Landings was entitled to the commission. Jones appealed to the circuit court as well as the Board of Realtors, and lost both appeals. Jones failed to satisfy the arbitration award entered May 30, 2000, as well as a final summary judgment rendered against him by the circuit court for $18,217.12. When Jones failed to satisfy the judgment, the Department of Business and Professional Regulation, Division of Real Estate, filed the administrative complaint against him.
An informal hearing was set to deal with the complaint. Jones presented evidence in mitigation: that he was under a financial hardship and unable to pay the judgment and that he had received none of the commission funds personally. These arguments in mitigation were rejected by the Commission. It found, and Jones does not dispute, that he violated section 475.25(1)(d)(1).
However, the Commission's findings that Jones engaged in dishonest dealing by trick, scheme or device, pursuant to section 475.25(1)(b) is not supported by the record. It appears the Commissioners believed Jones' attorney tried to trick them by his statement at the hearing that Jones had attempted to satisfy the judgment. The Commissioners assumed Jones had tried to satisfy the whole judgment, but upon further questioning it became clear *1268 that Jones had offered The Landings $3,025.00 as a 20% referral fee, if it would execute a satisfaction of the judgment. This may constitute some other violation, but not the one with which Jones was charged in this administrative hearing.
Revocation of a license is within the recommended range of penalties set out in Florida Administrative Code Rule 61J2-24.001 for a violation of section 475.25(1)(b). The recommended penalty for a violation of section 475.25(1)(d)(1) is an administrative fine of $1,000.00 to a five year license suspension. Because the finding of guilt as to section 475.25(1)(b) must be reversed, we remand this cause to the Commission for further proceedings to determine the appropriate penalty to impose in this case, based on a violation of section 475.25(1)(d)(1).
REVERSED in part; AFFIRMED in part; REMANDED for further proceedings.
SAWAYA, C.J., and TORPY, J., concur.